Dear Mr. Austin:
You requested the opinion of this office regarding the legal authority of sheriffs to collect municipal property taxes for a city and/or town. And in the event the sheriff can collect the tax, what would constitute an appropriate fee for the collection.
It is the opinion of this office that the statutes authorizing the designation of a particular office of a municipality to collect and enforce taxes are permissive rather than mandatory.
R.S. 33:381(A) provides that:
 "the officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, a clerk, and a street commissioner".
Section B of that same statutes provides that the clerk or chief of police may be a tax collector or assessor, if the board of aldermen so decide.
R.S. 33:1321 et seq., authorizes parishes, municipalities, or political subdivisions of the state to make agreements between or among themselves to engage jointly in the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. R.S. 33:1324.1
provides:
 "In order to effect economy of operation, any two or more political corporations or subdivisions may contract with each other to combine the use of administrative and operative personnel and equipment upon such basis of compensation therefore as may be mutually agreed to by all such political corporations and subdivisions".
Based upon the foregoing, it is the opinion of this office that a sheriff and a municipality may enter into a cooperative endeavor agreement to provide that the sheriff will collect the municipal property tax. The fee to be paid would appear to be purely negotiable under the provisions of R.S. 33:1324.1. This office would point out that R.S. 33:1423 sets forth percentages which the tax collector may deduct as commission for the collection of ad valorem taxes. It is possible that this statute could give guidance in the determination of an appropriate fee.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav 2895m